UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JACQUELINE
GIANNANTONIO,

CASE NO.:

      Plaintiff,

vs.

S AND D HOSPITALITY,
LLC, A GEORGIA LIMITED
LIABILITY COMPANY, AND
DHARMESH PATEL,
INDIVIDUALLY,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACQUELINE GIANNANTONIO, by and through the undersigned attorney, sues the Defendants, S AND D HOSPITALITY, LLC, a Georgia Limited Liability Company, and DHARMECH PATEL, Individually, and alleges:

1.    Plaintiff was an employee of Defendants, and brings this action for unpaid overtime compensation, declaratory relief, liquidated damages, and other relief under the Fair Labor Standards Act, as

1

amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff has been employed by Defendants since August 2015.

3. While working for Defendants, Plaintiff has been paid by the hour.

4. Defendant, S AND D HOSPITALITY, LLC, is a Georgia Limited Liability Company that operates a Quality Inn hotel in Lake Park, Georgia and is therefore within the jurisdiction of this Court.

5. At all times relevant to this action, DHARMESH PATEL was an individual resident of the State of Georgia, who owned and operated S AND D HOSPITALITY, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of S AND D HOSPITALITY, LLC. By virtue of having regularly exercised that authority on behalf of S AND D HOSPITALITY, LLC, DHARMESH PATEL is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable

attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendants, Defendant, S AND D HOSPITALITY, LLC, earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendants, Defendant, S AND D HOSPITALITY, LLC, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were phones, computers, hotel equipment and supplies, linens, furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11. Therefore, Defendant, S AND D HOSPITALITY, LLC, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

12. At all times relevant to this action, Defendants failed to comply with the FLSA failing to pay Plaintiff full and complete overtime compensation for all overtime hours worked.

13. During her employment with Defendants, Plaintiff was paid by the hour.

14. However, Plaintiff was not paid for all hours worked during her employment with Defendants.

15. Additionally, in some weeks, Defendants would pay Plaintiff monies above the 40 hours in a workweek, but would only pay her the regular rate of pay for some of the overtime hours and not time and one-half her regular rate of pay.

16. Plaintiff routinely worked overtime hours for Defendants up until approximately July 2019, but did not get paid time and one-half of her regular rate for all overtime hours worked during her employment.

17. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above.

19. Plaintiff was entitled to be paid overtime compensation for her overtime hours worked.

20. During her employment with Defendants, Plaintiff was not paid overtime compensation for all overtime hours worked by her.

21. Defendants did not have a good faith basis for their decision to not pay Plaintiff proper overtime compensation.

22. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff complete overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

23. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

24. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JACQUELINE GIANNANTONIO, demands judgment against Defendants for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees

and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 19th day of November, 2019.

>/s/ C. Ryan Morgan
> C. Ryan Morgan, Esq.
> Georgia Bar No. 711884
> Morgan & Morgan, P.A.
> 20 N. Orange Ave., 15th Floor
> P.O. Box 530244
> Orlando, FL 32802-4979
> Telephone: (407) 420-1414
> Facsimile: (407) 245-3401
> Email: RMorgan@forthepeople.com
> *Attorneys for Plaintiff*