UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JACQUELINE GIANNANTONIO and HALEY BRIGHT,

      Plaintiffs,

vs.

S AND D HOSPITALITY, LLC, A GEORGIA LIMITED LIABILITY COMPANY, AND DHARMESH PATEL, INDIVIDUALLY,

      Defendants.
_____/

CASE NO.:   7:19-cv-00196-WLS

## AMENDED COMPLAINT[1] AND DEMAND FOR JURY TRIAL

Plaintiffs, JACQUELINE GIANNANTONIO and HALEY BRIGHT, by and through the undersigned attorney, sue the Defendants, S AND D HOSPITALITY, LLC, a Georgia Limited Liability Company, and DHARMECH PATEL, Individually, and allege:

    1.    Plaintiffs were employees of Defendants, and bring this action for unpaid overtime compensation, declaratory relief, liquidated damages,

1

and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff Giannantonio has been employed by Defendants since August 2015.

3. Plaintiff Bright works for Defendants from May 2016 to August 2019.

4. While working for Defendants, Plaintiffs have been paid by the hour.

5. Defendant, S AND D HOSPITALITY, LLC, is a Georgia Limited Liability Company that operates a Quality Inn hotel in Lake Park, Georgia and is therefore within the jurisdiction of this Court.

6. At all times relevant to this action, DHARMESH PATEL was an individual resident of the State of Georgia, who owned and operated S AND D HOSPITALITY, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of S AND D

---

[1] This Amended Complaint is filed pursuant to FRCP 15(a)(1).

HOSPITALITY, LLC. By virtue of having regularly exercised that authority on behalf of S AND D HOSPITALITY, LLC, DHARMESH PATEL is an employer as defined by 29 U.S.C. § 201, et seq.

7. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

9. During Plaintiffs' employment with Defendants, Defendant, S AND D HOSPITALITY, LLC, earned more than $500,000.00 per year in gross sales.

10. During Plaintiffs' employment with Defendants, Defendant, S AND D HOSPITALITY, LLC, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were phones, computers, hotel equipment and supplies, linens, furniture, as well as

numerous other goods, materials and supplies which had been carried in interstate commerce.

12. Therefore, Defendant, S AND D HOSPITALITY, LLC, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

13. At all times relevant to this action, Defendants failed to comply with the FLSA failing to pay Plaintiffs full and complete overtime compensation for all overtime hours worked.

14. During their employment with Defendants, Plaintiffs were paid by the hour.

15. However, Plaintiffs were not paid for all hours worked during their employment with Defendants.

16. Additionally, in some weeks, Defendants would pay Plaintiffs monies above the 40 hours in a workweek, but would only pay them the regular rate of pay for some of the overtime hours and not time and one-half her regular rate of pay.

17. Plaintiffs routinely worked overtime hours for Defendants but

did not get paid time and one-half of their regular rate for all overtime hours worked during their employment.

18. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

19. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-18 above.

20. Plaintiffs were entitled to be paid overtime compensation for their overtime hours worked.

21. During their employment with Defendants, Plaintiffs were not paid overtime compensation for all overtime hours worked by them.

22. Defendants did not have a good faith basis for their decision to not pay Plaintiffs proper overtime compensation.

23. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs complete overtime compensation, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

24. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

25. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, JACQUELINE GIANNANTONIO and HALEY BRIGHT, demand judgment against Defendants for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 20th day of January, 2020.

/s/ C. Ryan Morgan
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 530244
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*